UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   22-CV-12213

KEVIN JENKINS,
    Plaintiff,

    v.

PRINCETON MORTGAGE
CORPORATION, RICHARD WEIDEL,
and MARK GORDON,
    Defendants.

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, Princeton Mortgage Corporation ("Princeton Mortgage"), Richard Weidel, and Mark Gordon, hereby file this Notice of Removal of this action from the Superior Court of the Commonwealth of Massachusetts, Norfolk County (the "Superior Court") to the United States District Court for the District of Massachusetts. In support of removal, Defendants state as follows:

1.      On November 23, 2022, Plaintiff, Kevin Jenkins, commenced a civil action against Defendants in the Norfolk Superior Court captioned: Kevin Jenkins v. Princeton Mortgage Company (a/k/a Princeton Mortgage Corporation), Richard Weidel, and Mark Gordon, Docket No. 2282CV01091.

2.      On December 8, 2022, Defendant Princeton Mortgage was served with the Complaint and Defendants accordingly received the Complaint filed in the Superior Court.

3.      Accordingly, this Notice of Removal is being filed within the time period required by law, as set forth in 28 U.S.C. § 1446(b).

4.      As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders upon which Defendants were served are attached to this Notice as **Exhibit A**.

{Client Matter 33250/00001/A8136635.DOCX}

5.      This action arises out of the former employment relationship between Plaintiff and Princeton Mortgage Corporation, as well as actions alleged by Princeton Mortgage's officers, Richard Weidel and Mark Gordon, in the context of that relationship. In his Complaint, Plaintiff asserts that Defendants discriminated against him on the basis of his age in violation of Massachusetts law, M.G.L. c. 151B, § 4. Plaintiff also asserts that Defendants failed to pay him wages in violation of Massachusetts law, M.G.L. c. 149, § 148, and that Defendant Princeton Mortgage breached a contract with Plaintiff.

6.      There is diversity of the parties, as Plaintiff and Defendants are citizens of different states. As alleged in the Complaint, Plaintiff is a citizen of Massachusetts and resides in Needham, Massachusetts, Defendant Princeton Mortgage is organized under the laws of New Jersey and maintains its principal place of business in Ewing, New Jersey, Defendant Richard Weidel resides in Princeton, New Jersey, and Defendant Gordon resides in Charleston, South Carolina.

7.      The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs. While no specific sum is demanded in the Complaint, Plaintiff seeks a judgment for damages in the form of lost wages and benefits, emotional distress damages, punitive damages, and treble damages, to which Plaintiff may be entitled in an amount in excess of $75,000 under state law. Additionally, in the Civil Action Cover Sheet filed with the Complaint, Plaintiff claims an entitlement to damages in the amount of $625,000.

8.      Because there is complete diversity and the amount in controversy exceeds the jurisdictional limits of this Court, the District Court has original jurisdiction under 28 U.S.C. § 1332.

9.      Pursuant to 28 U.S.C. §§ 1441(a) and 1446(c), this action is removable to this Court.

WHEREFORE, Defendants respectfully request that the above-referenced action now pending against it in the Superior Court of the Commonwealth of Massachusetts, Norfolk County, be removed therefrom to this Court.

Respectfully submitted,

**PRINCETON MORTGAGE CORPORATION, RICHARD WEIDEL, and MARK GORDON**

By its attorneys,

*/s/ Reid M. Wakefield*

Robert L. Kilroy, Esq., BBO #636853
Reid M. Wakefield, Esq., BBO #569026
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: (508) 860-1474
Fax: (508) 983-6261
rkilroy@mirickoconnell.com
rwakefield@mirickoconnell.com

Dated: December 28, 2022

## CERTIFICATE OF SERVICE

I, Reid M. Wakefield, hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this day.  Specifically, I hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid to:  Anne L. Josephson, Esq., Kotin, Crabtree & Strong, LLP, One Bowdoin Square, Boston, MA 02114; email: ajosephson@kcslegal.com.

*/s/ Reid M. Wakefield*

Reid M. Wakefield

Dated: December 28, 2022